## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF WEST VIRGINIA

### CHARLESTON

**STEPHEN J. TAMBURO III,**

      **Plaintiff,**

**v.**

      **Case No. 2:13-cv-01537**

**SCOTT HALL, WILLIAM KINCAID,**
**JONATHAN FRAME, PAUL PERRY,**
**BRIAN GREENWOOD, DAVID BALLARD,**
**and JAMES RUBENSTEIN,**

      **Defendants.**

### <u>PROPOSED FINDINGS AND RECOMMENDATION</u>

On January 28, 2013, the plaintiff, Stephen Tamburo, #52508, a West Virginia Division of Corrections ("WVDOC") inmate, who is presently incarcerated at the Northern Regional Jail and Correctional Facility ("NRJCF"), filed a complaint under 42 U.S.C. § 1983, alleging that he was assaulted by other inmates at the Mount Olive Correctional Complex ("MOCC"), because he is homosexual.  The plaintiff's Complaint further alleges that this assault occurred in relation to gang activity at MOCC.   (ECF No. 3 at 9-10.)   The plaintiff's Complaint further alleges that the named defendants, who are employees of the WVDOC and MOCC, are aware of, and condone, such "hate crimes." (*Id.* at 10-13.)   The plaintiff has alleged that the conduct of the defendants violated his First, Sixth and Eighth Amendment rights.

1

## STANDARD OF REVIEW

Pursuant to the provisions of 28 U.S.C. § 1915A, the court is obliged to screen each case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. On review, the court must dismiss the case if the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief. This screening is done prior to consideration of an Application to Proceed without Prepayment of Fees and Costs, and notwithstanding the payment of any filing fee. A "frivolous" case has been defined as one which is based on an indisputably meritless legal theory. *Denton v. Hernandez*, 504 U.S. 25 (1992). A "frivolous" claim lacks "an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).

Pro se complaints are held to less stringent standards than those drafted by attorneys, and the court is obliged to construe liberally such complaints. However, in *Bell Atlantic Corp v. Twombly*, 550 U.S. 544, 570 (2007), the Supreme Court observed that a case should be dismissed for failure to state a claim upon which relief can be granted if, viewing the well-pleaded factual allegations in the complaint as true and in the light most favorable to the plaintiff, the complaint does not contain "enough facts to state a claim to relief that is plausible on its face." While the complaint need not assert "detailed factual allegations," it must contain "more than labels and conclusions" or a "formulaic recitation of the elements of a cause of action." *Id.* at 555.

The Supreme Court elaborated on its holding in *Twombly* in *Ashcroft v. Iqbal*, 129 S. Ct. 1937 (2009), a civil rights case. The Court wrote:

Two working principles underlie our decision in *Twombly*. First, the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice. [*Twombly*, 550 U.S.] at 555, 127 S. Ct. 1955 (Although for the purposes of a motion to dismiss we must take all of the factual allegations in the complaint as true, we "are not bound to accept as true a legal conclusion couched as a factual allegation" (internal quotation marks omitted). Rule 8 . . . does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions. Second, only a complaint that states a plausible claim for relief survives a motion to dismiss. *Id.*, at 556. * * *

      In keeping with these principles a court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth. While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations. When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief.

129 S. Ct. at 1949-50.

## ANALYSIS

### *Claims for injunctive relief*

The plaintiff paid the applicable $350 filing fee and service of process has been ordered. However, among other relief, the plaintiff seeks injunctive relief in the form of discipline and removal of at least one defendant correctional officer and letters of reprimand for the other defendants, as well as medical treatment for injuries allegedly suffered during the assault. Even if such relief were available, the plaintiff's claims for declaratory or injunctive relief are now moot, due to the plaintiff's transfer to the NRJCF, which is located within the Northern District of West Virginia.

The power of the federal courts to adjudicate claims turns on the existence of a case or controversy. U.S. Const., art. III, § 2; *Daimler-Chrysler Corp. v. Cuno*, 547 U.S. 332, 352 (2006). "When a case or controversy ceases to exist because the issue is no

3

longer live or a party 'lack[s] a legally cognizable interest in the outcome[,]' preventing the court from granting effective relief, the claim becomes moot, and the court lacks the constitutional authority to adjudicate the issue."   *Taylor v. Riverside Regional Jail Authority*, 2011 WL 6024499 *4 (E.D. Va., Dec. 2, 2011) (citing *Powell v. McCormack*, 395 U.S. 486, 496 (1969) and *North Carolina v. Rice*, 404 U.S. 244, 246 (1971)).

As noted in *Taylor*, well-established Fourth Circuit precedent has recognized that "the transfer or release of an inmate from the facility where he suffered the challenged conditions 'moots his claims for injunctive and declaratory relief' pertaining to his imprisonment." 2011 WL 6024499 at *4; *see also Rendellman v. Rouse*, 569 F.3d 182, 186 (4th Cir. 2009) ("as a general rule, a prisoner's transfer or release from a particular prison moots his claims for injunctive and declaratory relief with respect to his incarceration there.")   For these reasons, the undersigned proposes that the presiding District Judge **FIND** that the plaintiff's requests for declaratory and injunctive are moot, and must be dismissed.

### *Claims for monetary damages*

The plaintiff also seeks monetary damages.   In *Hafer v. Melo*, the United States Supreme Court held that state officials sued in their individual capacities are "persons" under section 1983.   502 U.S. 21, 23 (1991).   Thus, a plaintiff may sue a state official for monetary damages in his individual capacity.

However, the power of the federal judiciary does not extend to suits by a citizen of one state against another, or to suits by a citizen against his or her own state.   *Hans v. Louisiana*, 134 U.S. 1, 9 (1980).   The Eleventh Amendment of the United States Constitution bars a suit in a federal court by private parties seeking to impose a liability

upon a State or State officials, which may be paid from public funds in the state treasury.

*Quern v. Jordan*, 440 U.S. 332, 337 (1979).   Absent consent, federal suits against a state

by a citizen of that state or another state are prohibited by the Eleventh Amendment.

*Kentucky v. Graham*, 473 U.S. 159, 199 (1985); *Pennhurst State School & Hospital v.*

*Halderman*, 465 U.S. 89, 99-100 (1984).

      The Supreme Court and the United States Court of Appeals for the Fourth Circuit

have found that "neither a State not its officials acting in their official capacities are

'persons' under § 1983."   *Will v. Michigan Dept. of State Police*, 491 U.S. 58 (1989);

*Preval v. Reno*, 203 F.3d 821 (4th Cir. 2000)(unpublished).

      In *Will*, the Supreme Court stated:

> Obviously, state officials literally are persons.   But a suit against a state
> official in his or her official capacity is not a suit against the official but
> rather is a suit against the official's office.   As such, it is no different from a
> suit against the State itself.   We see no reason to adopt a different rule in
> the present context, particularly when such a rule would allow petitioner to
> circumvent congressional intent by a mere pleading device.
>
> We hold that neither a State nor its officials acting in their official
> capacities are "persons" under § 1983.   The judgment of the Michigan
> Supreme Court is affirmed.   [Citations omitted].

Therefore, the undersigned proposes that the presiding District Judge **FIND** that, to the

extent that the plaintiff intended to sue the defendants in their official capacities under

section 1983, retroactive monetary relief is barred by the Eleventh Amendment to the

United States Constitution.

## **RECOMMENDATIONS**

      Based upon the proposed findings contained herein, it is respectfully

**RECOMMENDED** that the presiding District Judge **DISMISS** all of the plaintiff's

claims for declaratory and injunctive relief as moot, in light of the plaintiff's transfer to another correctional facility.   It is further respectfully **RECOMMENDED** that the presiding District Judge **DISMISS** the plaintiff's claims for monetary relief against the defendants in their official capacities.   It is further respectfully **RECOMMENDED** that the presiding District Judge leave this matter referred to the Magistrate Judge for additional proceedings concerning the plaintiff's claims for monetary damages against the defendants in their individual capacities.

The plaintiff is notified that this Proposed Findings and Recommendation is hereby **FILED**, and a copy will be submitted to the Honorable Thomas E. Johnston, United States District Judge.   Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Rules 6(d) and 72(b), Federal Rules of Civil Procedure, the plaintiff shall have fourteen days (filing of objections) and three days (mailing) from the date of filing this Proposed Findings and Recommendation within which to file with the Clerk of this Court, specific written objections, identifying the portions of the Proposed Findings and Recommendation to which objection is made, and the basis of such objection.   Extension of this time period may be granted by the presiding District Judge for good cause shown.

Failure to file written objections as set forth above shall constitute a waiver of *de novo* review by the District Court and a waiver of appellate review by the Circuit Court of Appeals.   *Snyder v. Ridenour*, 889 F.2d 1363 (4th Cir. 1989); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).   Copies of such objections shall be provided to Judge Johnston.

The Clerk is directed to file this Proposed Findings and Recommendation and to mail a copy of the same to the plaintiff.

March 22, 2013

Mary E. Stanley
United States Magistrate Judge

7